# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

**TOMMY DEVEREAUX WARREN**              **CIVIL ACTION NO. 10-1035-P**

**VERSUS**                              **JUDGE HICKS**

**KISHA HARRIS, ET AL.**                **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is an application for a writ of habeas corpus filed by pro se petitioner Tommy Devereaux Warren ("Plaintiff"), pursuant to 28 U.S.C. § 2241[1].  This petition was received and filed in this Court on June 10, 2010. Petitioner names Kisha Harris as respondent.

On April 19, 2011, Petitioner was granted until May 6, 2011, to inform the Court whether he seeks to withdraw his motion or whether he seeks to amend it so that it contains all his § 2255 claims.  However, that order was returned to this Court on May 5, 2011 by the United States Postal Service marked "RETURN TO SENDER - REFUSED - UNABLE TO FORWARD - RELEASED TO U.S.M.S."   To date,

---

[1]Petitioner filed this petition for a writ of habeas corpus on a 28 U.S.C. § 2254 form. However, he refers to his filing as a writ of habeas corpus pursuant to 18 U.S.C. § 2241 in his memorandum in support of his petition.

Petitioner has not informed this Court of his new address.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket.  See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 16 day of June 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE